## Michael Cooney, Plff. in Err., *v.* Thomas Biggerstaff.

A surety on a written lease will not be bound, where the lessee, although he goes into possession, does not sign the lease.

(Argued November 10, 1886. Decided November 15, 1886.)

October Term, 1886, Nos. 236, 237, before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Court of Common Pleas of Allegheny County to review a judgment of compulsory nonsuit in an action against a surety on a lease for rent due. Affirmed.

Michael Cooney, the owner of the premises, agreed to rent them to Mrs. Thomas McClelland, provided the defendant, to whom Mrs. McClelland referred him, would go security for the rent. Cooney called upon Biggerstaff, who said that he would go security, and who thereupon signed the lease of the premises as surety. It appeared that the lease was never signed by Mrs. McClelland, but that Cooney told her that Biggerstaff had signed the lease as security, and she thereupon took possession.

The tenant having failed to pay the rent, Cooney brought suit against Biggerstaff before an alderman, and obtained judgment. On appeal by defendant to the court of common pleas, the court granted defendant's motion for compulsory nonsuit and a judgment was entered accordingly; whereupon, plaintiff took this writ, assigning such action of the court as error.

*Barton & Sons,* for plaintiff in error.—Under the act of 1855 an undertaking to pay the debt of another (over $20) must be in writing, and signed by the party to be bound, but it has never been held that the debt itself, as between the debtor and creditor, must be evidenced by writing. This, however, was not a pre-existing debt, but a liability—a consideration to pass in the future, to wit: giving the possession and use of the dwelling house to McClelland and wife, on the strength of the written

NOTE.—But the failure of the lessor to sign the lease, which has been properly executed by the lessee, will not release the surety. Duffee v. Mansfield, 141 Pa. 507, 21 Atl. 675.

undertaking of Thomas Biggerstaff to be responsible for the rent. Shively v. Black, 45 Pa. 345; Hewes v. Taylor, 70 Pa. 387.

*T. H. Baird Patterson* for defendant in error.

PER CURIAM:

A glance at the papers in this case shows that Cooney and Mrs. McClelland did not intend to make a parol lease, but that after obtaining the signature of the surety the lessor neglected to have the tenant sign the written lease. Under these circumstances the surety could not be held.

Judgment affirmed.